IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **ERIC J. FLEISCHER**<br>523 Risen Star Ct.<br>Havre de Grace, MD 21078<br>Harford County<br>   **Plaintiff,**<br><br>v.<br><br>**SENECA BALANCE OF MARYLAND, INC.**<br>2301 Willoughby Beach Rd<br>Edgewood, MD 21040<br>Harford County<br>   serve on resident agent:<br>   The Prentice-Hall Corporation System, MA<br>   7 St. Paul Street – Suite 820<br>   Baltimore, MD 21202<br><br>**STANLEY J. FLEISCHER**<br>2301 Willoughby Beach Rd<br>Edgewood, MD 21040<br>Harford County<br><br>**THOMAS J. PALM, SR.**<br>9528 Belair Road<br>Baltimore, MD 21236<br>Baltimore County<br>   **Defendants.** | *<br>*<br>*<br>*<br>*  Civil Action No.:_____<br>*<br>*<br>*  **JURY TRIAL REQUESTED**<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Eric J. Fleischer ("Plaintiff"), brings this lawsuit against his former employers, Seneca Balance of Maryland, Inc. ("Defendant Seneca"), and Stanley J. Fleischer ("Defendant Fleischer"), because Defendants owe Plaintiff unpaid wages under the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment Collection Law ("MWPCL"). Plaintiff also asserts a claim against Defendant Seneca, Defendant Fleischer, and Defendant Thomas J. Palm, Sr. ("Defendant Palm") (referred collectively as "ERISA Defendants") for failing to put employee contributions into an employee benefit plan in

2016, failing to make employer contributions to an employee benefit plan, and other important violations of the Employee Retirement Income Security Act ("ERISA").

## FACTS

### PLAINTIFF

1. Plaintiff is an adult resident of the State of Maryland, Harford County.

2. Plaintiff was hired by Defendants Seneca and Fleischer in approximately May 1987.

3. From approximately May 1987 to sometime in 1992, Plaintiff worked for Defendants Seneca and Fleischer as a project manager.

4. From sometime in 1992 through December 2016, Plaintiff worked for Defendants Seneca and Fleischer as the Vice President.

5. At the time of his termination, Plaintiff's annual salary was approximately $166,400.

6. Defendants Seneca and Fleischer had mutually agreed with Plaintiff, in approximately January 2012, that Plaintiff's annual salary was to be $166,400.

7. Plaintiff possesses numerous paychecks prior to November 2016 evidencing Defendants Seneca's and Fleischer's agreement to pay him the stated salary.

8. Plaintiff resigned from employment on December 28, 2016 because Defendants Seneca and Fleischer had failed to pay him owed wages.

### DEFENDANTS SENECA AND FLEISCHER & THE WAGES OWED TO PLAINTIFF

9. Defendant Seneca is a Maryland-based, for-profit corporation.

10. Defendant Seneca, according to its website, is a full-service building system testing contractor providing services to industrial and commercial clients in the mid-Atlantic region and in the international market. *See* http://www.senecabalance.com/.

11. Defendant Seneca's services include air balancing, hydronic balancing, leak testing, fume hood testing, sound testing, vibrating testing, lab pressurization testing, building envelope testing, and engineering consulting.

12. Defendant Seneca's principal office is located in 2301 Willoughby Road, Edgewood, Maryland 21040.

13. Defendant Seneca performs business regularly throughout the State of Maryland.

14. Defendant Seneca engages in interstate commerce.

15. Defendant Seneca's annual gross volume of sales and/or business done is greater than $500,000.

16. Defendant Fleischer is an adult resident of State of Maryland.

17. Defendant Fleischer is the owner, President, and the Chief Executive Officer ("CEO") of Defendant Seneca.

18. Defendant Fleischer hired Plaintiff to work for Defendant Seneca.

19. Defendant Fleischer supervised Plaintiff on behalf of Defendant Seneca.

20. Defendant Fleischer gave Plaintiff work instructions.

21. Defendant Fleischer managed the day to day running of Defendant Seneca.

22. Defendant Fleischer, as the owner, implemented and enforced Defendant Seneca's pay policies.

23. Defendant Fleischer, as the owner, was in the position of monitoring and administering Defendant Seneca's wage-hour compliance.

24. Defendant Fleischer hired employees for Defendant Seneca.

25. Defendant Fleischer fired employees from Defendant Seneca.

26. Defendant Fleischer handled complaints from Defendant Seneca's employees.

27. Defendant Fleischer set Plaintiff's salary.

28. Defendant Fleischer had the sole power to increase or decrease Plaintiff's salary, and/or to stop paying wages to Plaintiff.

29. Defendant Fleischer is the person responsible for determining not to pay Plaintiff his wages as they were earned by Plaintiff.

30. Defendants Fleischer and Seneca are essentially one in the same.

31. Upon information and belief, Defendant Fleischer used Defendant Seneca's funds for his own personal purposes.

32. Upon information and belief, Defendant Fleisher did not respect corporate formalities when using Defendant Seneca's funds for his own use.

33. Defendants Seneca and Fleischer are Plaintiff's joint and co-employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

34. Both Defendants Seneca and Fleischer are subject to the FLSA, the MWHL, and the MWPCL, for owed wages, including unpaid minimum wages.

35. Defendants Seneca and Fleischer failed to pay for the work Plaintiff performed from November 5, 2016 through Plaintiff's resignation on December 28, 2016.

36. Plaintiff was not paid wages for eight weeks.

37. The wages that Plaintiff is owed for this period of time is approximately $25,600, without interest or penalty damages.

38. Plaintiff asked Defendant Fleischer numerous times for the owed wages from Defendants Seneca and Fleischer.

39. On December 28, 2016, Plaintiff sent Defendant Fleischer a letter informing his decision to resign. In relevant part, the letter reads:

> Please be advised that as of the above reference date, I have regretfully decided to resign my position as Vise President/ FSO. This decision is made as of the direct result of not being paid for over 9 weeks, as well as of the outstanding payroll tax liabilities (Federal, State, Local, FICA) that have yet to be paid and remain with Seneca Balance. I am no longer able to sustain dedicating my time on a weekly basis with no paycheck as well as unresolved taxes.
> I expect to be paid for the wages earned, as well as the above noted payroll taxes to be paid.

40. In response, Defendant Fleischer responded by a text message stating: "WTF".

41. On December 30, 2016, Plaintiff sent Defendant Fleischer an email asking for the owed wages. In relevant part, the email stated:

> I'm sure your not looking forward to hearing from me. I need to know what your intentions of pay for the last 8 weeks, which has led us to where we are.

42. Defendant Fleischer did not respond to Plaintiff's December 30, 2016 email.

43. The State of Maryland requires that employers pay employees a required minimum wage. MWHL, Md. Ann. Code, Labor & Employment, §3-413.

44. The FLSA requires that employers pay employees a required minimum wage. FLSA, 29 U.S.C. § 206.

45. Upon information and belief, Defendants Seneca and Fleischer did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA, MWHL, or MWPCL prior to deciding not to pay Plaintiff all owed wages for all hours worked, including minimum wages.

46. Defendants Seneca's and Fleischer's failure to pay Plaintiff wages for all hours worked was intentional and willful.

47. Defendants Seneca's and Fleischer's failure to pay Plaintiff wages for all hours worked was not the result of a bona fide dispute.

5

## ERISA DEFENDANTS' PENSION WRONGDOING

48. Plaintiff is a plan participant in Defendant Seneca's Simple Individual Retirement Account plan ("Retirement Plan"), from the time that he started employment to the present time, together with all other employees who worked for Defendants Seneca and Fleischer.

49. Upon information and belief, Defendant Palm was both the Plan Administrator and a trustee of the Retirement Plan and a fiduciary to the Retirement Plan, as set forth in Section 3(21) of the Employee Retirement Income Security Act of 1974. 29 U.S.C. § 1002(21).

50. Defendant Seneca is a party in interest as that term is defined under ERISA because it is the plan sponsor of the Retirement Plan.

51. Defendant Fleischer was also a party in interest under ERISA as President of Defendant Seneca, the plan sponsor of the Retirement Plan.

52. Defendant Fleischer was a fiduciary to and of the Plan.

53. There are at least five current and former plan participants of the Retirement Plan.

54. The Retirement Plan was established for Defendants Seneca's and Fleischer's employees working in Maryland.

55. The Retirement Plan is an individual account plan as that term is defined under Section 3(35) of the ERISA, 29 U.S.C. § 1002(34).

56. Plaintiff brings this lawsuit on his own behalf and on behalf of the Retirement Plan and all individual plan participants and beneficiaries, current and former.

57. Pursuant to ERISA, Plaintiff seeks restitution with interest, attorney's fees and costs of this action against all three ERISA Defendants.

58. Plaintiff also seeks the removal of the Retirement Plan's administrator and for the appointment of a qualified and experienced plan administrator.

59. Plaintiff and other similarly situated persons made contributions from their paychecks to the Retirement Plan through payroll deductions.

60. Nevertheless, Defendant Seneca failed to place the employee-made contributions into the Retirement Plan in year 2016.

61. Defendants Fleischer and Palm allowed the above-ERISA violation to occur.

62. Defendants Seneca also failed to make its own required contributions to the accounts of plan participants to the Retirement Plan, in violation of ERISA.

63. Defendants Fleischer and Palm allowed the above-ERISA violation to occur.

64. There was no legal justification or excuse for the ERISA Defendants' ERISA violations.

65. ERISA Defendants are in sole possession of the records and documents to establish the amounts that they failed to make as employee and employer contributions to the Retirement Plan.

66. ERISA Defendants did not disclose to Retirement Plan participants, including Plaintiff, that they were not making the required contributions to the Retirement Plan.

67. Plaintiff and other plan participants in the Retirement Plan suffered further financial losses from 2016 to the present, by ERISA Defendants failing to prudently invest the required contributions, failing to diversify the required contributions to the Retirement Plan from 2016 to the present, and failing to invest the required contributions based on the terms of the required plan document.

68. Plaintiff and other plan participants in the Retirement Plan suffered further losses regarding their eventual benefits that they would be entitled to at retirement by ERISA Defendants' failure to make the required contributions to the Retirement Plan from 2016 to the present.

69. This suit is brought on behalf of the Retirement Plan, all current and former plan participants and beneficiaries, and on behalf of the Plaintiff individually under ERISA, 29 U.S.C. § 1132(a)(2) and (a)(3).

## JURISDICTION AND VENUE

70. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to 28 U.S.C. § 1331.

71. Venue is appropriate in this jurisdiction because the unlawful events occurred in this District.

## VIOLATIONS OF LAW

### COUNT I – VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW FOR FAILURE TO TIMELY PAY ALL WAGES DUE – BY DEFENDANTS SENECA AND FLEISCHER

72. All allegations of the Complaint are expressly incorporated herein.

73. Defendants Seneca and Fleischer failed to pay Plaintiff his agreed-to wages from November 5, 2016 to December 28, 2016.

74. The wages earned, but not paid from November 5, 2016 to December 28, 2016 total approximately $25,600, without interest or penalty damages.

75. Defendants Seneca and Fleischer refused to timely pay Plaintiff all wages due, in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-502 and 3-505.

76. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants Seneca and Fleischer were obligated to pay Plaintiff for all legally owing wages on a regular basis.

77. Defendants Seneca and Fleischer failed to timely pay Plaintiff all of the wages owed to him.

78. Defendants Seneca's and Fleischer's actions in failing to pay Plaintiff all owing wages were willful violations of the MWPCL.

79. Months have passed from the date on which the Defendants Seneca and Fleischer were required to have paid Plaintiff all owed wages as required by the MWPCL, Md. Code Ann., Labor & Empl. § 3- 507.2(a).

80. There is no bona fide dispute as to the wages owed to Plaintiff.

81. <u>Relief requested</u> - Plaintiff requests that: (a) Defendants Seneca and Fleischer be ordered to pay him all owed wages; (b) Plaintiff be awarded treble damages; (c) Plaintiff be awarded pre- and post-judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs.

### COUNT II – VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED MINIMUM WAGE – BY DEFENDANTS SENECA AND FLEISCHER

82. All allegations of the Complaint are expressly incorporated herein.

83. Defendants Seneca and Fleischer paid absolutely no wages to Plaintiff from November 5, 2016 through December 28, 2016.

84. Plaintiff worked full-time for Defendants Seneca and Fleischer when they failed to pay him any wages.

85. Defendants Seneca and Fleischer willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Plaintiff the required minimum wage for all hours worked from November 5, 2016 through December 28, 2016 as required by the MWHL, Md. Ann. Code, Labor & Employment, §3-413.

86. As a result of the unlawful acts of Defendants Seneca and Fleischer, Plaintiff has been deprived of the minimum wages and is entitled to recovery of such amounts, plus liquidated damages, attorney's fees, and costs.

87. There is no bona fide dispute that Plaintiff is owed the wages sought in this Count II of the Complaint.

88. <u>Relief requested</u> - Plaintiff requests that: (a) Defendants Seneca and Fleischer be ordered to pay him the minimum wage owed for all hours worked; (b) that Plaintiff be awarded an

additional amount of liquidated damages; (c) that Plaintiff be awarded pre- and post- judgment interest; and (d) that Plaintiff be awarded his attorney's fees and costs.

## COUNT III – FLSA CLAIM FOR OWED MINIMUM WAGES – BY DEFENDANTS SENECA AND FLEISCHER

89. All allegations of the Complaint are expressly incorporated herein.

90. Plaintiff is entitled to minimum wages under the FLSA, 29 U.S.C. § 206.

91. Defendants Seneca and Fleischer violated the provisions of the FLSA by failing and refusing in a willful and intentional manner to pay Plaintiff the required minimum wage for all hours worked per work-week, as required by the FLSA, 29 U.S.C. § 206..

92. By reason of the aforesaid violations of the FLSA, Defendants Seneca and Fleischer are liable to Plaintiff in an amount equal to the unpaid and owing minimum wages, unpaid penalties/liquidated damages, all other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

93. Relief requested - Plaintiff requests that: (a) Defendants Seneca and Fleischer be ordered to pay him all minimum wages owed; (b) liquidated damages be assessed against the Defendants Seneca and Fleischer; (c) Plaintiff be awarded pre- and post- judgment interest; and (d) Plaintiff be awarded his attorney's fees and costs.

## COUNT IV – FAILING TO PLACE AND MAKE REQUIRED CONTRIBUTIONS IN RETIREMENT PLAN – BY ERISA DEFENDANTS

94. All allegations of the Complaint are expressly incorporated herein.

95. This Count is brought pursuant to Section 502(a) (2) and (3) of the Employee Retirement Income Security Act of 1974 (hereinafter ERISA).

96. This claim is brought on behalf of all plan participants, current and former, who were subjected to the ERISA Defendants' unlawful conduct.

97. ERISA Defendants breached their fiduciary and statutory duties under ERISA by failing to place the employee contributions into the Retirement Plan thereby causing losses to all plan participants from 2016 through the present time and continuing in violation of ERISA.

98. ERISA Defendants breached their fiduciary and statutory duties under ERISA by failing to make the required employer contributions into the Retirement Plan thereby causing losses to all plan participants from 2016 through the present time and continuing in violation of ERISA.

99. <u>Relief Requested</u> - For the reasons stated, Plaintiff requests that (a) ERISA Defendants be held to have breached their fiduciary duties with regard to the Retirement Plan and be required to place all required employee and employer contributions into the Retirement Plan with required interest; (b) ERISA Defendants disgorge any and all employee and employer contributions that they may be holding and have not placed into the Retirement Plan; (c) the Court awards Plaintiff reasonable attorney's fees and the costs of this action; and (d) the Court enjoins ERISA Defendants in the future and require them to place all employee contributions into the Retirement Plan.

## COUNT V – FAILURE TO MAKE PRUDENT INVESTMENTS – BY ERISA DEFENDANTS

100. All allegations of the Complaint are expressly incorporated herein.

101. This Count is brought pursuant to Section 502(a)2 of ERISA.

102. This claim is brought on behalf of all plan participants, current and former, who were subjected to the ERISA Defendants' unlawful conduct.

103. At all material times, investments decisions concerning the Retirement Plan were made and/or approved by ERISA Defendants.

104. From 2016 to the present and continuing, ERISA Defendants breached their fiduciary duties to Plaintiff and other plan participants by failing to invest plan assets (required employee

contributions) that were furnished to them from 2016 through the present and continuing in violation of the ERISA.

105. ERISA Defendants did not take into appropriate consideration the possible risk of loss to the Retirement Plan by their failure to invest required employee contributions from 2016 to the present and continuing or make the required employer contributions to the Retirement Plan.

106. <u>Relief requested</u> - Plaintiff requests that: (a) ERISA Defendants be required to reimburse the Retirement Plan for all losses as a result of their failure to invest the employee and employer contributions from 2016 to the present with interest; (b) the Court awards Plaintiff reasonable attorney's fees and the costs of this action; and (c) the Court requires ERISA Defendants to prudently invest all employee contributions that are furnished by plan participants.

**COUNT VI – ERISA BREACHES OF FIDUCIARY DUTIES – BY ERISA DEFENDANTS**

107. All allegations of the Complaint are expressly incorporated herein.

108. ERISA Defendants breached their fiduciary duties to Plaintiff and other plan participants, and this count is brought on behalf of the Retirement Plan and Plaintiff individually pursuant to 29 U.S.C. § 1132(a)(2) and (a)(3).

109. ERISA Defendants knowingly failed to comply with the terms of the Retirement Plan by not making the employee and employer contributions to the Retirement Plan.

110. ERISA Defendants, therefore, wrongfully retained moneys taken out of the Plaintiff's and other plan participants' wages as employee contributions and are in possession of those funds wrongfully taken.

111. ERISA Defendants' conduct was willful and intentional.

112. ERISA Defendants engaged in fraudulent concealment to hide their noncompliance with the terms of the Retirement Plan.

113. ERISA Defendants affirmatively misrepresented to Plaintiff and other plan participants and beneficiaries that ERISA Defendants were making employee and employer contributions to the Retirement Plan.

114. ERISA Defendants breached their fiduciary duties to Plaintiff and other plan participants by engaging in the stated ERISA wrongdoing.

115. ERISA Defendants are in sole possession of the records and documents to establish the amounts that they failed to make as employee and employer contributions to the Retirement Plan.

116. Plaintiff, for himself and other plan participants and beneficiaries, seeks to be returned to the position he and others would have been in but for the ERISA Defendants' violations of ERISA.

117. <u>Relief requested</u> – Plaintiff requests that: (a) ERISA Defendants be directed to provide complete and full restitution to Plaintiff and all class members (participants and beneficiaries) for the monies that were wrongfully taken out of their wages due to ERISA Defendants' failure to make the required employee contributions to the Retirement Plan, with pre-judgment and post-judgment interest; (b) the plan administrator be removed and a qualified plan administrator be appointed to comply with all plan terms; and (c) Plaintiff be awarded attorney's fees and costs.

Respectfully submitted,

[signature]

Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net
*Attorneys for the Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide the claims asserted in this Complaint.

_____
Stephen Lebau, Bar #07258